**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AAR AIRLIFT GROUP, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:15-cv-00373-RDM<br>) |
| UNITED STATES TRANSPORTATION COMMAND, | )<br>)<br>)<br>) |
| Defendant, | )<br>) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff AAR Airlift Group, Inc. ("AAR"), by and through its undersigned counsel, hereby moves for summary judgment pursuant to Fed. R. Civ. P. 56 and LCvR 56.1. As further stated in the attached Memorandum in Support of Motion for Summary Judgment (which is hereby incorporated as though stated herein), AAR's agreed pricing, as specified in Contract Line Item Numbers, for specific services required by the United States Transportation Command ("USTC") in fulfillment of Contract Number HTC711-14-D-R026 is confidential "commercial or financial information," the disclosure of which would violate the Trade Secrets Act. Accordingly, USTC's proposed release of such information, over AAR's objection, is "arbitrary and capricious" under the Administrative Procedure Act.

Wherefore, AAR respectfully requests that this Court grant AAR's Motion for Summary Judgment and enter a permanent injunction barring the release of AAR's line-item pricing information by USTC.

Respectfully submitted,


/s/ Malcolm L. Benge
Malcolm L. Benge
Jolyon A. Silversmith
Alexander T. Simpson
Zuckert, Scoutt & Rasenberger, L.L.P.
888 Seventeenth Street, N.W.
Suite 700
Washington, D.C.  20006-3309
Telephone: (202) 298-8660
Facsimile: (202) 342-0683
mlbenge@zsrlaw.com
jasilversmith@zsrlaw.com
atsimpson@zsrlaw.com

Counsel for AAR Airlift Group, Inc.


Date: May 18, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AAR AIRLIFT GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-00373-RDM |
| ) | |
| UNITED STATES TRANSPORTATION ) | |
| COMMAND, ) | |
| ) | |
| Defendant, ) | |
| ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Malcolm L. Benge
Jolyon A. Silversmith
Alexander T. Simpson
Zuckert, Scoutt & Rasenberger, L.L.P.
888 Seventeenth Street, N.W.
Suite 700
Washington, D.C.  20006-3309
Telephone: (202) 298-8660
Facsimile: (202) 342-0683
mlbenge@zsrlaw.com
jasilversmith@zsrlaw.com
atsimpson@zsrlaw.com

Counsel for AAR Airlift Group, Inc.

Date: May 18, 2015

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………….....1
STATEMENT OF FACTS…………………………………………………………...1
LEGAL ARGUMENT……………………………………………………………….3
    I.    Reverse-FOIA Background and Standard of Review……………………...3
    II.    USTC's Decision is Arbitrary and Capricious……………………………..5
CONCLUSION……………………………………………………………………....7

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)……………………………………………………..5
*Calloway v. Brownlee*, 366 F. Supp. 2d 43 (D.D.C. 2005)...……………………………………7
*Canadian Commercial Corp. v. Dept. of A.F.*, 442 F. Supp. 2d 15 (D.D.C. 2006)……………....6
*Canadian Commercial Corp. v. Dept. of A.F.*, 514 F.3d 37 (D.C. Cir. 2008)………………….….5
*Chrysler Corp. v. Brown,* 441 U.S. 281 (1979)……………………………………………………4
*CNA Fin. Corp. v. Donovan*, 830 F.2d 1132 (D.C. Cir. 1987)…………………………………3, 4
*Ehrman v. United States*, 429 F. Supp. 2d 61 (D.D.C. 2006) ……………………………….……..7
*ERG Transit Sys. v. Washington Metro. Area Transit Auth.*, 593 F. Supp. 2d 249 (D.D.C. 2009)…4
*Essex Electro Engineers. v. U.S. Sec. of Army*, 686 F. Supp. 2d 91 (D.D.C. 2010)………………5
*Jurewicz v. U.S. Dept. of Agric.*, 891 F. Supp. 2d 147 (D.D.C. 2012)……………………………...5
*Intl. Ladies' Garment Workers' Union v. Donovan*, 722 F.2d 795 (D.C. Cir. 1983)..……..…….…7
*Lorion v. U.S. Nuclear Reg. Commn.*, 785 F.2d 1038 (D.C. Cir. 1986)……………………………7
*Martin Marietta Corp. v. Dalton*, 974 F. Supp. 37 (D.D.C. 1997)………...…………..……………3
*McDonnell Douglas Corp. v. Widnall*, 57 F.3d 1162 (D.C. Cir. 1995)………...……………..……4
*Mpoy v. Fenty*, 674 F. Supp. 2d 163 (D.D.C. 2009)………………………...……………………..6
*Natl. Parks and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974)…………………..5
*Pharm. Mfrs. Ass'n v. Weinberger*, 411 F. Supp. 576 (D.D.C. 1976)...…………………..…………6
*Piersall v. Winter*, 507 F. Supp. 2d 23 (D.D.C. 2007)……………………...………………………7
*Taylor Energy Co. v. U.S. Dept. of the Int.*, 734 F. Supp. 2d 112 (D.D.C. 2010)…………………..5
*Tripp v. Dept. of Def.*, 193 F. Supp. 2d 229 (D.D.C. 2002)……………………………………...4
*Trumpeter Swan Soc. v. E.P.A.*, 774 F.3d 1037 (D.C. Cir. 2014)……………………………………6
*United Technologies Corp. v. U.S. Dept. of Def.*, 601 F.3d 557 (D.C. Cir. 2010)…………………6

**Statutes and Rules**

5 U.S.C. § 552……………………………………………………………………………....1, 3, 4
5 U.S.C. § 701 *et seq*..…………………………………………………………………………1, 4
18 U.S.C. § 1905……………………………………………………………………………...1, 4
LCvR 7……………………………………………………………………………………………2
Fed. R. Civ. P. 56……………………………………………………………………………...….5

## INTRODUCTION

This is a so-called "reverse-FOIA" case in which plaintiff AAR Airlift Group, Inc. ("AAR") challenges the decision of the United States Transportation Command ("USTC") to publicly disclose AAR's line-item pricing information under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As further explained below, the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") has consistently held that such data is confidential "commercial or financial information," the disclosure of which would violate the Trade Secrets Act, 18 U.S.C. § 1905. Accordingly, USTC's proposed release of such information, over AAR's objection, is "arbitrary and capricious" under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), and this Court should grant AAR's motion for summary judgment and enter a permanent injunction barring the release of AAR's line-item pricing information by USTC.

## STATEMENT OF FACTS

AAR is a Florida corporation with its principal place of business in Melbourne, Florida. AAR is a wholly owned subsidiary of AAR Corp. AAR provides fixed-wing and rotary-wing (helicopter) airlift services in support of U.S. military operations worldwide.

USTC is a constituent agency of the United States Department of Defense ("DOD").

AAR holds an air carrier certificate issued by the Federal Aviation Administration to provide charter air services. AAR has also been approved by the Commercial Airlift Review Board as a civilian provider of airlift services to DOD and its constituent agencies. Pursuant to numerous contracts issued primarily by USTC, AAR provides fixed-wing and rotary-wing airlift services under contract to USTC and other DOD contracting agencies.

In September 2013, USTC issued a Request for Proposals (Solicitation No. HTC711-13-R-R016) ("RFP") in order to procure fixed-wing passenger and cargo airlift services for the United

States Africa Command ("AFRICOM"). The Performance Work Statement ("PWS") issued in connection with the RFP states that prospective bidders must be prepared to provide "all personnel, equipment, supplies, transportation, tools, materials, supervision, insurance, life support (*e.g.*, housing, meals etc. for contractor personnel) and other items and services necessary to operate two fixed-wing aircraft in the Central African region." Ex. A.[1] For purposes of the PWS, the Central African region is defined as Uganda, the Central African Republic, the Democratic Republic of Congo and South Sudan. *Id.*

AAR successfully bid on the RFP and on November 27, 2013 was awarded a contract by USTC designated as Contract Number HTC711-14-D-R026 ("Contract R026"). As signed and agreed by USTC and AAR, Contract R026 contains individual Contract Line Item Numbers ("CLINs") specifying AAR's agreed pricing for specific services required by USTC in fulfillment of the contract. For example, CLIN 0002 specifies the price that AAR submitted in its proposal for mobilization services, *i.e.*, the cost of moving AAR's personnel and equipment to the central African theater of operations for the purpose of performing the services required under Contract R026.

Following the award of Contract R026, USTC advised AAR by letter dated on or about November 26, 2014 (the letter is undated), that USTC had received a request from a for-profit FOIA search firm seeking the disclosure of Contract R026. *See* Ex. B. The letter advised AAR that it had until December 15, 2014 to respond with a justification as to why the requested information should not be disclosed. Otherwise, USTC would release all of the materials requested, including the pricing information set forth in Contract R026.

---

[1] In its order dated March 19, 2015, the Court waived the requirement of LCvR 7(n) concerning the administrative record and appendix. Unless indicated otherwise, all citations are to the exhibits to the Complaint.

2

AAR responded to USTC by letter dated December 4, 2014, stating that all of the information contained in AAR's proposal, which includes the information contained in Contract R026 as awarded, is "confidential and proprietary" due to its commercially-sensitive nature. Ex. C. AAR also included a redacted version of Contract R026. *See* docket entry 13 (redacted contract as attached to December 4, 2014 letter). AAR followed up on January 26, 2015 with an email to USTC in which it states that disclosure of the pricing information which it provided to USTC for the purposes of Contract R026 would "cause irreparable harm as it includes competition sensitive information regarding technical, pricing, and business operations." Ex. D.

USTC subsequently sent a letter to AAR dated March 3, 2015 (the "Decision Letter") in which it advised AAR that it intended to release all of the requested Contract R026 pricing data because "AAR did not address the contract itself which was the subject of the FOIA request." *See* Ex. E. The letter also informed AAR that it had five federal business days from receipt of the letter to take legal action to prevent the release of the requested material. AAR received the Decision Letter on March 9, 2014 and filed suit on March 15, 2015.

## LEGAL ARGUMENT

Reverse-FOIA Background and Standard of Review

In reverse-FOIA cases,

> [t]ypically, a submitter of information – usually a corporation or other business entity required to report various and sundry data on its policies, operations, or products – seeks to prevent the agency that collected the information from revealing it to a third party in response to the latter's FOIA request.

*CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1133 n.1 (D.C. Cir. 1987). The submitter bears the burden of justifying nondisclosure of the information, *Martin Marietta Corp. v. Dalton*, 974 F. Supp. 37, 40 n.4 (D.D.C. 1997), which it will ordinarily do by averring that disclosure is protected by one of nine FOIA exemptions, codified at 5 U.S.C. § 552(b)(1)-(9). Those exemptions free the

government from an otherwise <u>mandatory</u> obligation to disclose the requested information, but the agency retains the discretion as to whether or not to release it. *Chrysler Corp. v. Brown,* 441 U.S. 281, 292-94 (1979). Under the Trade Secrets Act, 18 U.S.C. § 1905, however, which prohibits "unauthorized governmental publications of confidential information," *McDonnell Douglas Corp. v. Widnall*, 57 F.3d 1162, 1164 (D.C. Cir. 1995), an agency has no choice but to withhold protected data from disclosure. The protection afforded proprietary data by the Trade Secrets Act is "at least co-extensive with that of Exemption 4 of FOIA." *CNA*, 830 F.2d at 1151.[2] "Consequently, whenever a party succeeds in demonstrating that its materials fall within Exemption 4, the government is <u>precluded</u> from releasing the information by virtue of the Trade Secrets Act." *McDonnell*, 57 F.3d at 1164 (emphasis added).

Although "FOIA, as solely a disclosure statute, only provides a cause of action to <u>compel</u> disclosure, but not [a private right of] action to <u>prohibit</u> disclosure," *Tripp v. Dept. of Def.*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002) (emphasis added), the APA enables a party that has objected to the release of a document to obtain review of an agency's decision to disclose it. *CNA*, 830 F.2d at 1133 n.1. More specifically, reverse-FOIA cases are "informal agency adjudications" reviewable under section 706(2)(A) of the APA. *ERG Transit Sys. v. Washington Metro. Area Transit Auth.*, 593 F. Supp. 2d 249, 252 (D.D.C. 2009). The agency's decision to release information will be enjoined if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A).

---

[2] Exemption 4 exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" 5 U.S.C. § 552(b)(4).

4

<u>USTC's Decision is Arbitrary and Capricious</u>

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions to file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] There are only two facts relevant to the Court's disposition of this matter and both of them are undisputed: (i) Contract R026 contains AAR's line-item pricing information and (ii) USTC planned to release it.

The D.C. Circuit has repeatedly held that line-item pricing information in a federal government contract is protected from disclosure under FOIA:

> We reaffirm today what we have held twice before: Constituent or line-item pricing information in a Government contract falls within Exemption 4 of the FOIA if its disclosure would "impair the government's ability to obtain necessary information in the future" or "cause substantial harm to the competitive position of the person from whom the information was obtained."

*Canadian Commercial Corp. v. Dept. of A.F.*, 514 F.3d 37, 40 (D.C. Cir. 2008) (quoting *Natl. Parks and Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)); *accord Essex Electro Engineers v. U.S. Sec. of Army*, 686 F. Supp. 2d 91, 94 (D.D.C. 2010). As the disclosure of information protected under FOIA Exemption 4 is prohibited under the Trade Secrets Act, USTC's declared intention to release AAR's line-item pricing is arbitrary and capricious. *See Taylor Energy Co. v. U.S. Dept. of the Int.*, 734 F. Supp. 2d 112, 115 (D.D.C. 2010) (disclosure of information falling within Exemption 4 violates the Trade Secrets Act, and thus was arbitrary and capricious).

---

[3] Here, as in *Jurewicz v. U.S. Dept. of Agric.*, 891 F. Supp. 2d 147 (D.D.C. 2012), "[a]lthough styled [as] Motions for Summary Judgment, the pleadings . . . more accurately seek the Court's review of an administrative decision." *Id.* at 152. Therefore, summary judgment merely serves as the "mechanism" for deciding whether the agency's decision is consistent with the APA's standard of review. *Id.*

Here, the standard for withholding data from disclosure as set forth by the D.C. Circuit in *Canadian Commercial* is unambiguously met – AAR specifically advised USTC in its email dated January 26, 2015 that disclosure of the line-item pricing information that made its way into Contract R026 would "cause irreparable harm as it includes competition sensitive information." USTC was therefore on notice that releasing AAR's line-item pricing information would have a detrimental competitive impact on AAR. USTC's decision to release Contract R026, notwithstanding the D.C. Circuit's clear pronouncements that line-item pricing information in a Government contract is protected from disclosure, is the essence of arbitrary and capricious agency action, necessitating permanent injunctive relief.[4]

USTC's stated reason for its decision to release Contract R026 was that "AAR did not address the contract itself which was the subject of the FOIA request[.]" Ex. E. But AAR in fact did just that – by submitting a redacted copy of Contract R026 which specifically removed those portions of the contract containing line-item pricing information which it rightly believed to be exempt from disclosure. Past submitters have done the same. *See Canadian Commercial Corp. v. Dept. of A.F.*, 442 F. Supp. 2d 15, 18 (D.D.C. 2006) ("A redacted copy of the contract was also attached, in order to show the Air Force which pricing information was allegedly exempt."); *United Technologies Corp. v. U.S. Dept. of Def.*, 601 F.3d 557, 561 (D.C. Cir. 2010) (submitter "offered a set of the documents from which it had redacted the purportedly exempt information" to indicate the material it believed to be covered by a FOIA exemption).

---

[4] *See Pharm. Mfrs. Ass'n v. Weinberger*, 411 F. Supp. 576, 578 (D.D.C. 1976) (judicial review of a reverse-FOIA matter is under the APA "and appropriate remedies include injunctive relief"). In order to obtain injunctive relief, a plaintiff must demonstrate: (i) a likelihood of success on the merits; (ii) irreparable injury to plaintiffs if defendant is not enjoined; (iii) that the harm to the plaintiff outweighs the harm to defendant; and (iv) that the public interest is served by enjoining defendant. *Mpoy v. Fenty*, 674 F. Supp. 2d 163, 165 (D.D.C. 2009). Injunctive relief, which is merited for the reasons set forth in ¶¶ 13-16 of the Complaint, would ensure that neither the parties nor the Court are embroiled in further litigation. *C.f. Trumpeter Swan Soc. v. E.P.A.*, 774 F.3d 1037, 1042 (D.C. Cir. 2014) (welcoming examination of the merits "[f]or reasons of judicial efficiency"). Alternatively, the Court could remand this case back to the agency for further development of the administrative record, although that remedy is not necessary in this case.

Thus, USTC's claim that AAR "did not address the contract" does not withstand scrutiny. The case law is clear that, under the APA, an agency reviewing a request to withhold documents from disclosure must, among other things, "consider all the relevant evidence in the record and . . . provide a reasonable explanation for . . . its holdings." *Ehrman v. United States*, 429 F. Supp. 2d 61, 68 (D.D.C. 2006); *accord Piersall v. Winter*, 507 F. Supp. 2d 23, 33 (D.D.C. 2007); *Lorion v. U.S. Nuclear Reg. Commn.*, 785 F.2d 1038, 1042 (D.C. Cir. 1986). In other words, "agencies can[not] ignore important factors" or "reach judgments that are irrational given the relevant evidence in the record." *Intl. Ladies' Garment Workers' Union v. Donovan*, 722 F.2d 795, 821 n.56 (D.C. Cir. 1983). "[A]n agency action is arbitrary and capricious if the agency . . . has entirely failed to consider an important aspect of the case presented to" it. *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005). With the redacted version of Contract R026 in hand, USTC knew exactly what line-item pricing information AAR wanted to protect from disclosure and that its release would result in competitive harm. Its decision to release Contract R026 in spite of this understanding has no justification whatsoever, and in the face of AAR's objection, is barred by the law of this Circuit.

## CONCLUSION

Ultimately, this case comes down to one issue: is AAR's line-item pricing information protected from disclosure? Under established D.C. Circuit precedent, that question must be answered in the affirmative. For the foregoing reasons, AAR respectfully requests that this Court grant its motion for summary judgment on the basis that USTC's decision to release AAR's line-item pricing is arbitrary and capricious, and enter a permanent injunction barring release of AAR's line-item pricing information by USTC.

        Respectfully submitted,

        /s/ Malcolm L. Benge
        Malcolm L. Benge
        Jolyon A. Silversmith
        Alexander T. Simpson
        Zuckert, Scoutt & Rasenberger, L.L.P.
        888 Seventeenth Street, N.W.
        Suite 700
        Washington, D.C.  20006-3309
        Telephone: (202) 298-8660
        Facsimile: (202) 342-0683
        mlbenge@zsrlaw.com
        jasilversmith@zsrlaw.com
        atsimpson@zsrlaw.com

        Counsel for AAR Airlift Group, Inc.

Date: May 18, 2015

# **CERTIFICATE OF SERVICE**

I, Malcolm L. Benge, hereby certify that service of the foregoing Plaintiff's Motion for Summary Judgment and Plaintiff's Memorandum in Support of Motion for Summary Judgment were made by the Court's Electronic Filing System on May 18, 2015, to:

> Joshua M. Kolsky
> Office of the United States Attorney's Office for the District of Columbia
> 555 4th Street, NW
> Washington, D.C. 20530

By: /s/ Malcolm L. Benge
Malcolm L. Benge